UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MFALME EL BEY,

    Plaintiff,

v.

CITY OF CENTRALIA, TOM ASHBY, DAVID SAUER, WILLIAM "BILL" SMITH, HOWARD JONES, BOBBY PATTON, BRIAN ATCHISON, GREG DODSON, MICHAEL PEEBLES, MARION COUNTY SHERIFF DEPARTMENT, RICH STEVENSON, ANTHONY DECKER, MARK MILLER, STEVE FOX and JOHN DOES 1-5,

    Defendants.

Case No. 19-cv-476-JPG-MAB

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Mfalme El Bey's motion for leave to proceed *in forma pauperis* (Doc. 3). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d

625, 626 (7th Cir. 1982).

The Court was puzzled by apparent contradictions between El Bey's complaint, in which he implies he owns at least two houses into which some of the defendants unlawfully broke, and his motion for leave to proceed *in forma pauperis*, in which he declares under penalty of perjury that he owns no real estate. The Court ordered El Bey to show cause why the Court should not (1) deny his motion for leave to proceed *in forma pauperis* because he is not indigent and/or (2) dismiss this case for untruthful statement of his assets in his motion for leave to proceed *in forma pauperis*. El Bey responded to the order to show cause stating that he did, in fact, own two properties and that he had made an honest mistake by stating otherwise (Doc. 5). He did not, however, give the properties' approximate value as requested on the form motion for leave to proceed *in format pauperis*. The Court set a hearing for the matter on July 24, 2019, to make the necessary inquiries to determine if El Bey is, in fact, indigent. For example, it would have liked to inquire as to, among other things, the value of the properties, El Bey's equity in them, and the expenses to maintain them. Despite being sent notice, El Bay did not show up at the hearing. The Court construes El Bey's failure to attend as an admission that he no longer seeks leave to proceed *in forma pauperis*. Additionally, in the absence of more financial information that the Court had hoped to get at the hearing, it cannot find that, in light of his owning two properties of unknown value, El Bey is indigent and unable to pay the filing fee.

Accordingly, the Court **DENIES** El Bey's motion for leave to proceed *in forma pauperis* (Doc. 3) and **ORDERS** that he shall pay in full the $400 filing fee on or before August 26, 2019. The Court **WARNS** El Bey that failure to comply with this order will result in dismissal of this action for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). Fed. R. Civ. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v.*

*Kamminga*, 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**
**DATED:  July 31, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
